UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VARUJAN AVEDYAN, individually and on
behalf of all other similarly situated,

        Plaintiff,

vs.                                  Case No.:

CMR CONSTRUCTION AND ROOFING, LLC

        Defendant.
_____/

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453 Defendant CMR Construction and Roofing, LLC, ("CMR") hereby notices its removal of this action from the Circuit Court of the 15th Judicial Circuit for Palm Beach County, Florida (the "State Court") to the United States District Court for the Southern District of Florida. This Court has jurisdiction over this action under 28 U.S.C. § 1441(a). As grounds for removal, CMR respectfully shows the Court the following:

### *I.*    *Background*

1.    On July 21, 2020, Plaintiff, Varujan Avedyan, purportedly on behalf of himself and others similarly situated, commenced a one count Class Action Complaint (the "Complaint") against CMR pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2020-CA-007658-XXXX-MB (the "State Court Action"). CMR received a copy of the Complaint, by service, on July 23, 2020. The Complaint is attached hereto as Exhibit "A".

2. This suit arises from one text message sent to Plaintiff's telephone allegedly placed by CMR and/or that Plaintiff alleges violated the TCPA.

3. Removal is based upon federal question jurisdiction, as clearly shown by the allegations on the face of the Complaint, and set forth more fully below. 28 U.S.C. §§1331, 1441.

4. Further, the Complaint is removable based upon the diversity of citizenship of the parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00).

5. Venue is proper in the United States District Court for the Southern District of Florida, because the 15th Judicial District in and for Palm Beach County, where Plaintiff filed his State Court Action, is located within the United States District Court for the Southern District of Florida.

## II. *Basis for Federal Questions Jurisdiction*

6. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446. This claim should have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States".

7. Plaintiff's Complaint asserts violations of a federal law, namely the TCPA. *See generally* Exhibit "A". The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States. As such, this Court has federal question jurisdiction over this matter. *See Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331,

because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citation omitted).

8. Moreover, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

### III. *Basis for Jurisdiction Under the Class Action Fairness Act of 2005 ("CAFA")*

9. This Court also has original subject matter jurisdiction of this action pursuant to CAFA, 28 U.S.C. §§ 1332(d), grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592 (2013).

10. "CAFA grants federal district courts jurisdiction over class actions where (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014), *Uri Marrache, v. Bacardi U.S.A., Inc. & Winn-Dixie Supermarkets, Inc.,* No. 19-23856-CIV, 2019 WL 9656447, at *1 (S.D. Fla. Dec. 6, 2019).

### a). *The Elements for CAFA Jurisdiction are Satisfied*

11. *Class Definition.* This putative class action satisfies the CAFA definition of a class action which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or

similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). (Complaint ¶ 34). Plaintiff seeks to represent the "Class" comprised of and defined as:

> All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message using the same type of equipment used to text message Plaintiff, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number.

12. *Diversity is Present.* The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a s State from any defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges to be a "citizen and resident of Palm Beach County, Florida" as of the time this putative class action was filed. 28 U.S.C. § 1332(d)(7); *See* Exhibit "A" ¶ 5. Plaintiff further alleges in the Complaint that Defendant is a "Missouri limited liability company with a principal place of business in St. Louis County, Missouri. *See* Exhibit "A" ¶ 6. Additionally, paragraphs 19 – 20 herein provides evidence of CMR's citizenship (State of Texas). Accordingly, the diversity requirements under CAFA are satisfied. 28 U.S.C. § 1332(d)(2)(A).

13. *Proposed Class Consists of More than 100 Members.* Plaintiff alleges he "believes the Class members number in the several thousands, ***if not more***. Exhibit "A" ¶ 36 (emphasis added).

14. *Aggregate Amount in Controversy.* Pursuant to CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see Miedema v. Maytag Corp.,* 450 F.3d 1322, 1330–32 (11th Cir.2006) (considering whether individual claims valued at less than $1,000 exceeded $5,000,000 in the aggregate in an extensive discussion of subject matter jurisdiction over a class action under CAFA); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir.2006) (stating that, "[u]nder CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy

exceeds $5,000,000 and there is minimal diversity" and making no mention of a further requirement that any one plaintiff satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a)). Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. vs. Owens,* 135 S. Ct. 547,554 (2014) (citing 28 U.S.C. §1446(a)), *Dukes v. Integon Nat'l Ins. Co.,* No. 19-CV-22205, 2019 WL 5543548, at *1 (S.D. Fla. Oct. 28, 2019).

15. Here, Plaintiff, individually as well as on behalf of the putative class members seek both monetary damages and injunctive relief, and by Plaintiff's own allegations in the Complaint and State Court Action filings, plausibly establish the CAFA jurisdictional threshold. *See* Exhibit "A" ¶ 51, Prayer for Relief d., and Exhibit "B." Specifically, Plaintiff seeks "a minimum of $500 in damages for each violation" and/or "trebled statutory damages [$1,500]." *See* Prayer for Relief d. Moreover, in support of his Prayer for Relief, Plaintiff seeks a conclusion whether "Defendant['s] conduct was knowing and willful and an entitlement to treble TCPA damages. *See* Exhibit "A" ¶ 39.(3). Additionally, Plaintiff alleges "the aggregate damages sustained by the Class are in the millions of dollars." *See* Exhibit "A" ¶ 43. Plaintiff seeking trebled TCPA damages ($1,500 for each violation) establishes that at least 3,334 putative class members claiming similar damages would exceed the $5,000,000 jurisdictional threshold under CAFA. Plaintiff alleged that the putative "Class members number in the several thousands, ***if not more***." *See* Exhibit "A" ¶ 36 (emphasis added). Significantly, Plaintiff filed his Form 1.997 Civil Cover Sheet in the State Court Action indicating "the estimated amount of the claim rounded to the nearest dollar" is "$8,000,000." *See* a copy of the Civil Cover Sheet attached as "Exhibit B."

16. Solely for the purpose of removal only, and without waiving or conceding any defenses, objections, or merit to Plaintiff's Complaint, based upon the estimated class size, the

requested statutory damages in the Complaint, and Exhibit "B," it is plausible that the amount in controversy under the Complaint satisfies CAFA's jurisdictional threshold.

## IV.     *Removal is Timely*

17.     Plaintiff served CMR with a Summons and copy of the Complaint on July 23, 2020. *See* Exhibits "A," "E," and "K." This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within 30 days of the July 23, 2020 date of service.

## V.     *There is Complete Diversity Within the Parties*

18.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

19.     CMR is a foreign single member limited liability company with its principal office located at 3006 North Lindbergh Blvd., Suite 703, St. Ann, Missouri 63074. CMR was incorporated as a limited liability company in the State of Missouri on March 26, 2002. *See* State of Missouri corporate records attached hereto as Composite Exhibit "C."

20.     The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its member(s). *Rolling Greens, MHP, L.P. vs. Comcast SCH Holdings L.L.C.*, 372 F.3d 1020, 1022 (11th Cir. 2004). Steven Soule ("Soule") is the single member of CMR and is a citizen of the state of Texas. Soule resides at 2301 Reflection LN, Prosper, Texas 75078, in Collin County, which he claims a homestead protection for such residence and his intention is to remain in Texas for an indefinite amount of time. *See* Mr. Soule's State of Texas Driver's License and the Collin County Property webpage of the aforementioned property attached as Composite

Exhibit "D." Accordingly, CMR is a citizen of Texas for determining diversity under 28 U.S.C. § 1332(c)(1).

21. Plaintiff is a citizen and resident of Palm Beach County, Florida" as of the time this putative class action was filed. 28 U.S.C. § 1332(d)(7); *See* Exhibit A ¶ 5. Accordingly, Plaintiff is a citizens of Florida for determining diversity under 28 U.S.C. § 1332(c)(1).

22. Complete diversity exists as no party is the citizen of the same state as any other party.

23. Since the jurisdictional threshold under CAFA is satisfied, as alleged in paragraphs 14 -16 herein, and as stated by Plaintiff in Exhibit "B" that the estimated amount of the claim rounded to the nearest dollar" is $8,000,000, this controversy exceeds the $75,000 jurisdictional limit under 28 U.S.C. §1332(a). Accordingly, the amount is controversy far exceeds $75,000 for diversity jurisdiction purposes.

### VI.    *Compliance with 28 U.S.C. § 1446*

24. CMR files herewith such copies of all processes, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446 and Local Rule 7.2(a). *See* a true and correct copy of the State Court Action papers attached hereto with the following Exhibits references:

(i)  The Summons is attached as Exhibit "E."

(ii) The Docket Sheet is attached as Exhibit "F"

(iii) Plaintiff's Notice of Service of Interrogatories and Plaintiff's First Set of Interrogatories to Defendant is attached as Exhibit "G."

(iv) Plaintiff's Request for Inspection of Property is attached as Exhibit "H."

(v) Plaintiff's First Request for Production is attached as Exhibit "I."

(vi)     Notice of E-Mail Compliance for Service is attached as Exhibit "J."

(vii)    Return of Service is attached as Exhibit "K."

25.     Pursuant to 28 U.S.C. § 1446(d), CMR will serve written notice of the filing of this Notice of Removal on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* CMR's Notice of Removal to be filed in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida attached hereto as Exhibit "L."

26.     CMR has satisfied all of the requirements for removal of this action under 28 U.S.C. § 1446 and all other applicable statutes and rules.

WHEREFORE, for the forgoing reasons, this Court has, and CMR respectfully requests this Court to assume, full jurisdiction over the case, action, and all causes and defenses herein, as provided by law.

Dated: August 21, 2020

                                Respectfully submitted,

                                LAW OFFICES OF ALAN S. FELDMAN, PA
                                Attorney for Defendant, CMR
                                10396 West State Road 84, Suite 106
                                Davie, Florida 33324
                                Tel:  (954) 465-7655

                                By:    /s/Alan S. Feldman
                                          ALAN S. FELDMAN
                                          Florida Bar No.: 797251
                                          afeldman@alanfeldmanlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on August 21, 2020, I electronically filed the forgoing via CM/ECF, which will electronically send notice to all persons registered on that system. I also certify that a copy was transmitted to the following by electronic service on August 21, 2020:

Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
Garrett Berg, Esq.
gberg@shamisgentile.com
Shamis & Gentile, P.A.
14 NE 1st Avenue
Suite 705
Miami, FL 33132
Telephone: 305-479-2299